# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MADISON ROW MARKETING, INC.,

    Plaintiffs,

v.

BEEHIIV INC., a New York corporation; DAN KRENITSYN,

    Defendants.

_____/

**Civil Action No.**

## DEFENDANT BEEHIIV INC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant beehiiv Inc. ("beehiiv"), with the consent of Defendant Daniel Krenitsyn ("Mr. Krenitsyn") (collectively, "Defendants")[1] and reserving all defenses and rights, hereby removes this action from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. In support of this notice of removal, beehiiv states as follows:

## I.   PROCEDURAL BACKGROUND

1. On October 26, 2025, Plaintiff Madison Row Marketing, Inc. ("Plaintiff") filed a complaint ("Complaint") in the Miami Dade County Court against beehiiv, a newsletter creation platform, asserting violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA") and common law negligence. *See* **Exhibit A** (containing the Complaint ("Compl.")), Compl. ¶ 51-67.

2. The Complaint, styled *Madison Row Marketing, Inc. v. beehiiv Inc.*, bearing Case No. 2025-170024-SP-25, limited damages to $99.00 or less, and the case proceeded under Florida small claims rules. Because Plaintiff identified beehiiv as a corporation believed to be incorporated in New York, Plaintiff purported to use substituted service to serve beehiiv through

---

[1] As of this filing, neither beehiiv nor the fraudulently joined Defendant Mr. Krenitsyn has been served in this matter.

the Florida Secretary of State. Compl. ¶ 2. To date, there is no evidence that Plaintiff ever attempted to personally serve beehiiv as required under Fla. Stat. § 48.161 and Plaintiff has yet to file any affidavit of compliance attesting as such, as required under Florida law. *See Fla. Stat. § 48.161* (requiring that the affidavit of compliance set forth, among other requirements, "sufficient facts showing…[t]hat due diligence was exercised in attempting to locate and effectuate personal service on the party.")[2]

3.   On November 18, 2025, the Florida Department of State filed an affidavit ("Affidavit") stating that the Department accepted substitute service of process for beehiiv pursuant to Fla. Stat. § 48.181. The Affidavit provided that substitute service of process was filed by Plaintiff on October 29, 2025. See **Exhibit B** (containing the Affidavit).

4.   On November 21, 2025, Plaintiff filed a "notice of filing of letter mailed to defendant." The notice contained a cover letter regarding Plaintiff's purported mailing of the Complaint and Summons to beehiiv's headquarters at 228 Park Avenue #29976, New York, NY 10003. On November 29, 2025, Plainttiff filed a "Notice of Confirmation of United States Registered Postal Service Delivery of Summons and Complaint to Defendant." This notice contained a copy of the confirmation from United States Postal Service for the delivery of the Complaint and Summons. *See* **Exhibit C** (containing the notice of filing and notice of confirmation).

5.   On November 27, 2025, Plaintiff filed an amended complaint ("Amended Complaint") that asserted the same claims but sought damages in excess of $50,000 and added Dan Krenitsyn as a co-defendant.[3] See **Exhibit D** (containing the Amended Complaint ("Am. Compl.")). Am. Compl. ¶¶ 3, 4.

6.   On December 1, 2025, Judge Jorge Perez Santiago issued an Order to Show Cause to the Parties due to the Amended Complaint alleging an amount in controversy exceeding the jurisdiction of the County Court. *See* **Exhibit E** (containing the Order to Show Cause). The

---

[2] Defendants are prepared to file additional briefing contesting Plaintiff's insufficient service in this matter, as well as additional threshold issues related to personal jurisdiction, venue, and failure to state a claim.

[3] Plaintiff has also failed to properly effectuate service of the Amended Complaint on either Defendant.

Order provided the Parties seven days to show cause why the case should not be transferred to the circuit court.

7. On December 2, 2025, Plaintiff filed a motion to transfer the small claims action to circuit court ("Motion to Transfer) due to the Amended Complaint's request for injunctive relief and damages in excess of $50,000.  See **Exhibit F** (containing the Motion to Transfer).

8. On December 8, 2025, beehiiv timely submitted a response to the Order to Show Cause.  beehiiv's response identified Plaintiff's failure to properly serve beehiiv under Florida's substituted service of process statute, Fla. Stat. § 48.161, the court's lack of personal jurisdiction over beehiiv for these claims, improper venue, and Plaintiff's failure to state a claim.  See **Exhibit G** (containing beehiiv's response to the Order to Show Cause).

9. That same day, beehiiv learned that Judge Perez Santiago had issued an Order to Transfer Due to Subject Matter Jurisdiction on December 2, and closed the case before beehiiv had an opportunity to respond by the December 8 deadline.  See **Exhibit H** (containing Order to Transfer Due to Subject Matter Jurisdiction).  Beehiiv submitted a letter to Judge Perez Santiago on December 10 that requested the court to reopen the case or otherwise consider beehiiv's timely response.  See **Exhibit I** (containing beehiiv's December 10 letter to Judge Perez Santiago).

10. On December 16, 2025 the case was transferred from the Miami-Dade County Court to the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida.  See **Exhibit J** (containing letter of correspondence notifying parties of the case transfer).  The County Court did not otherwise respond to beehiiv's response to the Order to Show Cause or the related letter.

11. As of December 29, 2025 the only Circuit Court activity for this case has been related to Plaintiff's requests for the issuance of summons.  See **Exhibit K** (containing summons-related filings).

**II.   Complete Diversity of Citizenship Exists Between Plaintiff and beehiiv.**

12. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

13. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

14. Both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied for the following reasons.

### a. Complete Diversity of Citizenship Exists Between Plaintiff and beehiiv.

15. Diversity jurisdiction exists when the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

16. A notice of removal requires only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that jurisdiction exists. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018).

17. The notice "need not contain evidentiary submissions," *Dart Cherokee*, 574 U.S. at 84, and the Court should accept a removing defendant's allegations if a plaintiff "fail[s] to deny the actual existence of diversity" and "fail[s] to allege any facts to demonstrate that diversity does not, in fact, exist." *ByoPlanet Int'l v. Gilstrap*, No. 0:25-CV-60647-LEIBOWITZ, 2025 WL 3091002, at *2 (S.D. Fla. June 10, 2025). If plaintiffs contest the factual basis for removal, a defendant is entitled to discovery about whether diversity jurisdiction exists. *See, e.g.*, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015); *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 367–68 (2d Cir. 2006) (same); *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625–26 (1st Cir. 2001) (jurisdictional discovery should be granted liberally if there is a "colorable case" for federal jurisdiction).

18. For purposes of diversity jurisdiction, a corporation is a citizen of the state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). beehiiv is a corporation formed under the laws of Delaware with a principal place of business in New York, so it is a citizen of Delaware and New York. See **Exhibit L** (containing the declaration of Daniel Krenitsyn Dec. ("Krenitsyn Dec"), ¶ 6. Plaintiff is a corporation incorporated in Florida and headquartered in Miami-Dade County, Florida, so it is a citizen of Florida. Am. Compl. ¶ 1. Because this is a dispute between Plaintiff, who is a citizen

of Florida, and beehiiv, which is not a citizen of Florida, there is diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).

  **b.  Mr. Krenitsyn has been fraudulently joined.**

  19.  In the Amended Complaint, Plaintiff named Mr. Krenitsyn as a defendant. Plaintiff has fraudulently joined Mr. Krenitsyn, who is not a proper party to this lawsuit, in an attempt to defeat diversity jurisdiction.

  20.  "The judicially created doctrine of fraudulent joinder 'provides an exception to the requirement of complete diversity.'" *Otoh v. Fed. Nat'l Mortg. Ass'n*, No. 24-12431, 2025 WL 915028, at *3 (11th Cir. Mar. 26, 2025) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "When a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the non-diverse defendant and deny any motion to remand the case to state court based on the presence of the 'fraudulently joined' party." *Id.* (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)). To establish fraudulent joinder, the removing party must prove that "(1) there is no possibility the plaintiff can establish a cause of action against the fraudulently joined party; or (2) the plaintiff fraudulently pleaded jurisdictional facts." *Id.*

  21.  There is no possibility that Plaintiff can establish a cause of action against Mr. Krenitsyn because Plaintiff does not properly state a cause of action under Florida pleading requirements. Pleadings which set forth a claim for relief must state a cause of action and contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b), *see Horowitz v. Laske*, 855 So. 2d 169, 172–73 (Fla. Dist. Ct. App. 2003) ("Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it."). Plaintiffs need not allege detailed evidentiary facts, but it is "insufficient to allege mere conclusions." *Poirier v. Vills. Senior Hous. I OPCO, LLC*, 395 So. 3d 640, 642 (Fla. Dist. Ct. App. 2024).

  22.  To assert a claim under FDUTPA, "a plaintiff must allege (1) a deceptive or unfair act in the conduct of trade or commerce; (2) causation; and (3) actual damages." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023); *Gen. Dev. Corp. v. Catlin*, 139 So. 2d 901 (Fla. Dist. Ct. App. 1962).

  23.  "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the

5

breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. Dist. Ct. App. 1985)).

24. Florida law is clear that officers of a corporation cannot be held personally liable for corporate acts simply by reason of their relation to the corporation. *E & A Produce Corp. v. Olmo*, 864 So. 2d 447, 448 (Fla. Dist. Ct. App. 2003); *Home Loan Corp. v. Aza*, 930 So. 2d 814, 816 (Fla. Dist. Ct. App. 2006). Instead, to establish liability of a corporate officer, Plaintiff "must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005).

25. Beyond general allegations against both "Defendants," the Amended Complaint contains the following scant allegations directed specifically against Mr. Krenitsyn:

   a. Paragraph 8: "Defendant Krenitsyn is the Chief of Staff for Defendant beehiiv, and in such position, is directly involved with and responsible for the (mis)conduct of Defendant beehiiv."

   b. Paragraph 18: "Defendant Krenitsyn, as the Chief of Staff for Defendant beehiiv, is also responsible for the violations of FDUTPA documented here."

   c. Paragraph 47: "Public policy mandates and requires that Defendant beehiiv provide Plaintiff with Plaintiff's unsubscribe data. As the Chief of Staff of Defendant beehiiv, Defendant Krenitsyn is responsible for ensuring that Defendant beehiiv acts in accordance with legal requirements."

   d. Paragraph 64: "Defendant Krenitsyn is directly responsible for ensuring that Defendant beehiiv operates in a lawful manner."

26. The Amended Complaint provides no facts in support of these bare legal conclusions. This failure to plead any facts showing that Mr. Krenitsyn had knowledge of the alleged conduct, that he directly participated in the alleged conduct, or that his personal conduct caused Plaintiff's alleged damages in any way is fatal to Plaintiff's improper efforts. To bring an FDUTPA claim against Mr. Krenitsyn, the Amended Complaint must "specify his individual actions and how they constitute a violation of FDUTPA." *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1277 (S.D. Fla. 2007). Generalized FDUTPA allegations do not suffice. *Aboujaoude*, 509 F. Supp. 2d at 1277. Instead, "Plaintiff[] must allege how each Defendant 'was a direct participant in the improper dealings.'" *KVC Ests. IV, LLC v. Lopez*, No. 1:23-CV-24891-JB,

2025 WL 662657, at *8 (S.D. Fla. Feb. 13, 2025), *report and recommendation adopted*, No. 23-CV-24891-JB, 2025 WL 659858 (S.D. Fla. Feb. 28, 2025) (citing *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (Fla. Dist. Ct. App. 2008)).[4] Florida courts have similarly (and routinely) found fraudulent joinder in negligence causes of action where the pleading contains nothing more than boilerplate and conclusory allegations without factual support. *See Clarke v. Wal-Mart Stores E., LP*, No. 8:24-CV-1647-KKM-LSG, 2024 WL 4905429, at *3 (M.D. Fla. Nov. 27, 2024) (collecting cases).[5]

27. Moreover, these allegations are as inaccurate as they are insincere. At all times during the period relevant to the allegations in the Amended Complaint, Mr. Krenitsyn's responsibilities as beehiiv's Chief of Staff have been limited to administrative duties within the company. Krenitsyn Dec. ¶ 7. These responsibilities include "coordinating projects, driving strategic initiatives, and facilitating communication across the company." *Id*. ¶ 8. Mr. Krenitsyn's responsibilities do not involve ensuring beehiiv's compliance with legal requirements, including those related to email marketing or unsubscribe tracking. *Id*. ¶ 9. Moreover, Mr. Krenitsyn had no personal involvement in any services provided to Plaintiff or any communications with Plaintiff related to such services. *Id*. at ¶ 10.

28. Ultimately, Mr. Krenitsyn's only connection to this matter is that he is publicly employed as Chief of Staff at beehiiv, and his LinkedIn profile indicates a Miami, Florida location. The Amended Complaint otherwise contains no plausible indication that there was any reason to add Mr. Krenitsyn as a co-defendant beyond his LinkedIn profile showing Florida as his location. Because Plaintiff cannot maintain any causes of action against Mr. Krenitsyn, his fraudulent joinder as a defendant cannot defeat diversity of citizenship.

---

[4] The FDUTPA claim separately fails because it is wholly premised on alleged violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the "CAN-SPAM Act"), which contains no private right of action and an "extremely broad" preemption provision that cannot be avoided "by burying [the] allegations within a FDUTPA cause of action." *George v. Defenders, Inc*., No. 2019-CA-012688, 2020 WL 4930310, at *1-2 (Fla. Cir. Ct. Aug. 18, 2020).

[5] Plaintiff's Amended Complaint also seeks injunctive relief and declaratory judgement, but these fail for the same reasons that Plaintiff's FDUTPA and negligence claims fail. Injunctive relief is a remedy, not a separate cause of action. *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1159 (S.D. Fla. 2020), and Plaintiff's claim for declaratory judgment is predicated on a finding that Defendants' actions violate the FDUTPA. Am. Compl. ¶ 80-81.

### III. The Amount in Controversy Exceeds the Statutory Threshold.

29. The amount in controversy exceeds $75,000.

30. Although beehiiv vigorously disputes the allegations and Plaintiff's entitlement to such relief, as pleaded, the Amended Complaint states that Plaintiff is seeking damages "in excess of $50,000," and that penalties against Defendants under the FDUTPA "would be calculated as 78,976 emails x $250/message = $19,744,000 in damages."[6] Am. Compl. ¶ 32. "Plaintiff specifically pleads $19,744,000 in statutory damages against Defendants." *Id*.

31. Despite Plaintiff's hesitance to expressly label its damages as in excess of $75,000, Plaintiff's explanation of Defendants' liability under FDUTPA clearly satisfies the amount in controversy requirements of 28 U.S.C. § 1332(a)(1); *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343 (11th Cir. 2018) (concluding plaintiff's explanation of potential liability under liquidated damages provision was "not too speculative to satisfy the amount-in-controversy requirement" where plaintiff explained that the Terms of Use would be violated "possibly thousands of times").

32. In addition to the alleged damages under FDUPTA, the Amended Complaint states that Plaintiff "has suffered, and continues to suffer material damages, loss of reputation, loss of business income, diminished goodwill, attorney's fees, court costs, and other losses to be proven at trial." Am. Compl. ¶ 72. Moreover, Plaintiff also seeks nonmonetary declaratory or injunctive relief, which also has value. *See Skjellerup v. Toll Bros., Inc.*, No. 05-80406-CIV, 2005 WL 8156042, at *3 (S.D. Fla. Aug. 2, 2005).

33. In sum, the parties are completely diverse and the amount in controversy exceeds $75,000. Accordingly, the requirements of diversity jurisdiction are satisfied.

### IV. ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

34. **Removal is timely.** As noted above, while neither beehiiv nor the fraudulently joined Mr. Krenitsyn has been served, Plaintiff filed the Amended Complaint on November 27, 2025. *See* **Exhibit D**. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the filing of the Amended Complaint (the first business day after December 27, 2025). *See* Fed. R. Civ. P. 6(a)(1)(C).

---

[6] In determining the amount in controversy in this case, Defendants need not and do not concede Plaintiff's interpretation of calculating statutory damages under FDUPTA.

35. **Removal is to the proper court.** Plaintiff filed the Amended Complaint in Miami Dade County Court, which was subsequently transferred to the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida. 28 U.S.C. § 89(c). This Notice of Removal thus is properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a).

36. **All pleadings and process are attached.** 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. While beehiiv maintains its objections to service, it has attached all pleadings, process, and orders filed in the state court action. These materials are attached to this Notice as **Exhibits A-K** (discussed above) and **Exhibit M** (containing all other filings available on the public docket)**.**

37. **Rule 11**. This Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

38. **Notice is being provided forthwith.** Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida and served upon Plaintiff through their counsel of record.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, beehiiv respectfully removes this action from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, to this Honorable Court, the United States District Court for the Southern District of Florida.

Date: December 29, 2025

/s/ *Nury Siekkinen*
Nury Siekkinen (Florida Bar No. 1015937)
Email: nury@zwillgen.com

**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorney for Defendant*
*beehiiv Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 29, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF, email, and/or regular mail.

/s/ *Nury Siekkinen*
Nury Siekkinen

Jordan A. Dresnick (SBN 058529)
Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33131
Tel: 786-220-8785
Email: JordanDresnick@gmail.com

Amado Alan Alvarez (SBN 746398)
THE ALVAREZ & FRIGER TRIAL LAW FIRM
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. 305-258-2739
Fax: 1-844-252-6329
Email: Alan@AlvarezFrigerTLF.com

Attorney for Petitioners