# Exhibit A

Filing # 234621506 E-Filed 10/28/2025 01:58:36 PM

| DEPARTMENT | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICT COURTS<br>☐ OTHER | | 2025-170024-SP-25 |
| | | SECTION NO.    CG 01 |

| PLAINTIFF(S) | VS.   DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Madison Row Marketing, Inc. | beehiiv, Inc. | |

DEFENDANT(S) TO BE SERVED AT:

beehiiv, Inc. c/o Secretary of State

P.O. Box 6327

Tallahassee, FL 32314

STATE OF FLORIDA
NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☐ DADE COUNTY  COURTHOUSE CENTRAL COURT   ☐ NORTH DADE JUSTICE CENTER   ☐ HIALEAH DISTRICT COURT
☒ CORAL GABLES DISTRICT COURT                        ☐ SOUTH DADE JUSTICE CENTER   ☐
☐ JOSEPH CALEB CENTER COURT

(Addresses for court locations are printed on the back of this form)

on _____ Dec. 5 _____ , 20 25 , 9:30 A M., in courtroom _____ 01-2 _____ before a Judge of
this Court. Section # CG 01 _____ .

**IMPORTANT – READ CAREFULLY**

THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.
DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN
APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR
ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT
IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid
having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not
excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial
conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in
writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to
determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney
should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the
dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will
require no proof and will expedite the trial, and estimate how long it will take to try the case.

**MEDIATION**

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third
person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the
resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable
and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

**RIGHT TO VENUE.** THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFEDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;

2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES

3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;

4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;

5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;

6. ANY LOCATION AGREED TO IN A CONTRACT.

7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any

**A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS**

**MIAMI-DADE COUNTY DISTRICT COURT FACILITIES**

| | | | |
|---|---|---|---|
| Dade County Courthouse Central Court (05)<br>73 W. Flagler Street<br>Room 137<br>Miami, Florida 33130 | North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>Miami, Florida 33160 | Hialeah District Court (21)<br>11 East 6th Street<br>Hialeah, Fl 33010 | Coral Gables District (25)<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 |
| Joseph Caleb Center Court (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, Florida 33142 | South Dade Justice Center (26)<br>Room 1200<br>10710 S.W. 211 Street<br>Cutler Ridge, Florida 33189 | | |

| | | |
|---|---|---|
| FILED BY: Jordan A. Dresnick, Esq. | COPY: ☒  MAILED | ☐ HAND-DELIVERED |
| ADDRESS: 901 Brickell Key Blvd., Suite 2901 | TO:   ☒ PLAINTIFF | ☐ ATTORNEY |
| Miami, FL 33131 | SERVED BY:   ☐ MAIL | ☐ SHERIFF |
| PHONE: 786-220-8785 | | ☐ PROCESS SERVER |

| | | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**OF MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY: ⎍ 402104  Hemal Parekh<br>DEPUTY CLERK | DATE<br><br>10/29/2025 |

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**"

CLK/CT. 423 Rev. 04/25        IMPORTANT-SEE REVERSE        Clerk's web address: www.miamidadeclerk.gov

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NUMBER:

MADISON ROW MARKETING, INC.,                    **[JURY DEMANDED]**

        Plaintiff,

v.

beehiiv, Inc.

.

        Defendant.

_____/

## COMPLAINT

Plaintiff Madison Row Marketing, Inc. (hereinafter "Madison Row") hereby sues beehiiv, Inc. (hereinafter "beehiiv") for violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") and negligence. These are all based on Florida state law. As a direct and foreseeable result of Defendant's wrongful actions detailed in this lawsuit, Madison Row has incurred actual damages, statutory damages, costs, and attorneys fees (provided by statute). This lawsuit is only being filed as a last resort after Plaintiff attempted to contact Defendant numerous times to resolve this dispute prior to commencing this claim.

This lawsuit is brought to recover actual damages, statutory damages, costs, and attorneys fees resulting from Defendant's violations of the Florida Deceptive and Unfair Trade Practices Act and negligence.

In support thereof Plaintiff Madison Row states as follows:

## GENERAL ALLEGATIONS

## PARTIES

1

1.     Plaintiff Madison Row is licensed to do business in the State of Florida.  It is headquartered in Miami-Dade County, Florida.

2.     Defendant beehiiv is a corporation believed to be incorporated in the State of New York.  Pursuant to Florida Statutes, Substituted Service may be made on the Florida Secretary of State because Defendant beehiiv is licensed in a state outside of Florida.

## JURISDICTION AND VENUE

3.     This is an action for damages of $99.00 or less, within the jurisdictional limit of this Court, exclusive of interest, costs, liquidated damages, statutory and attorneys' fees; and in all respects meets the jurisdictional requirements of this Court pursuant to Florida Statutes § 34.01.

4.     This Court has personal jurisdiction over Defendant pursuant to Florida Statute §48.193(1)(a) because: (1) Madison Row is based in Miami-Dade County, Florida; (2) the cause of actions sued on in this complaint arose from statutory violations that Defendant caused to incur in Miami-Dade County, Florida; (3) Defendant sent emails to Plaintiff knowing that the Plaintiff is located in Miami-Dade County, Florida; (4) the damages, costs, and fees complained of in this suit have and continue to accrue in Miami-Dade County, Florida; (5) Plaintiff Madison Row has obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida; (6) and the large number of business operations that Defendant maintains in Florida, coupled with the number of employees of Defendants in the State of Florida, and the volume of business transacted by Defendant in the State of Florida qualify Defendant as "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state

2

[Florida]". Fla. Stat. §48.193(1)(a)(1).

## **FACTUAL ALLEGATIONS**

5.    Plaintiff offers customized marketing services for legal professionals, law firms, and law related entities.

6.    Defendant operates an email marketing service known commonly as beehiiv to provide individuals and entities with newsletter and email marketing services  A true and correct composite copy of screenshots of Defendant beehiiv's website is attached to this Complaint as **Exhibit B**.

7.    Defendant is required to abide by email marketing laws, including the Florida Unfair and Deceptive Trade Practices Act.

8.    FDUPTA incorporates a number of consumer protection laws, including those that are applicable here.

9.    FDUTPA provides an avenue to punish a wrongdoer for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

10.    An FDUTPA violation may be based on any law or statute that "proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

11.    Defendant operates beehiiv, which purports to be, "Everything you need to write, send, and expand your audience, all in one place…Write, design, and send professional newsletters easily – no coding required." (available at: https://www.beehiiv.com/newsletter-platform) (last accessed: Oct. 26, 2025). *See* **Exhibit B.**

3

12. In fact, Defendant represents, "beehiiv is the newsletter-first operating system for Business creators to own and monetize their audience." (available at: https://www.beehiiv.com/beehiiv-for/business) (last accessed: Oct. 26, 2025). *See* **Exhibit B.**

13. Additionally, Defendant beehiiv claims to be, "MORE THAN JUST NEWSLETTER. Forget all of the other tools, beehiiv is the only platform you'll need." *Id.* (emphasis retained in original).

14. Despite Defendant's claims about offering businesses, individuals, and brands newsletter and email marketing services, in truth and in fact, Defendant's platform is so negligently designed and/or maintained that Defendant fails to meet the requisite requirements to send out email messages that abide by the Florida Unfair and Deceptive Trade Practices Act and the laws incorporated by FDUPTA.

15. Moreover, Defendant's platform fails to abide the requirements of the Florida Unfair and Deceptive Trade Practices Act, and is therefore in violation of FDUPTA.

16. On or about Oct. 21, 2025, Plaintiff relied upon Defendant's representations to open and pay for a so-called "Max" account with Defendant beehiiv. **Exhibit C.**

17. On or about Oct. 21, 2025, Plaintiff opened an account with Defendants for Defendants to send and/or cause to be sent Plaintiff's commercial messages to certain recipients. A true and correct copy of the receipt received from Defendants is attached hereto as **Exhibit C.**

18. Defendant charged Plaintiff $367.20 for the service to be provided by Defendant. **Exhibit C.**

19. On or about Oct. 22, 2025, Plaintiff uploaded a list of 82,278 recipients to Defendant

4

beehiiv's system for Defendant beehiiv to email or caused to be emailed Plaintiff's commercial message/newsletter.

20.   On or about Oct. 22, 2025, Defendant beehiiv emailed and/or caused to be emailed Plaintiff's commercial message/newsletter to 78,967 recipients.

21.   The Florida Unfair and Deceptive Trade Practices Act requires that commercial email messages sent through a newsletter or email marketing system like Defendant beehiiv contain an unsubscribe or opt-out link that remains functional for at least thirty (30) days after transmission of the message.

22.   The rationale behind the Florida Unfair and Deceptive Trade Practices Act is quite simple: a recipient of an email sent through a newsletter/email marketing system like Defendant beehiiv legally has a right to quickly, easily and freely unsubscribe from future emails by clicking on a link in the message.

23.   Here, Defendant beehiiv's system is marketed and represented as being designed for use by individuals, business owners, journalists, writers, start-up owners, bloggers, content creators, pop culture enthusiasts, foodies, company founders, among others.   None of these positions or occupations would reasonably under the circumstances require the position to be a licensed attorney well versed in email marketing laws AND a computer programmer with sufficient knowledge to ensure that use of beehiiv adheres to email marketing laws.

24.   Defendant beehiiv fails to adhere with the requirements of the Florida Unfair and Deceptive Trade Practices Act because Defendant's system allows for the quick and immediate deletion of the records of recipients of commercial messages and newsletters without regard that such deletion will effectively prevent recipients of email messages

5

from unsubscribing within he 30-day window mandate by FDUPTA.  **Exhibit A** is a true and correct screenshot of Defendant beehiiv's system confirming that Plaintiff's account shows zero subscribers.

25.   Without Defendant maintaining a record of functioning unsubscribe links, users like Plaintiff have no ability to discern which recipients unsubscribed.

26.   Moreover, even after attempting to use Defendant beehiiv's system to export the unsubscribe data, there are ZERO records of who unsubscribed.  **Exhibit B** provides a true and correct screenshot confirming that Defendant beehiiv failed to keep and/or maintain ANY records of who unsubscribed from receiving emails.  This is a direct violation of the Florida Unfair and Deceptive Trade Practices Act.

27.   It is extremely important for the public to be able to unsubscribe.  FDUPTA incorporates and makes part of Florida Law the regulations governing email marketing law.  Those laws dictate that, "Electronic mail has become an extremely important and popular means of communication, relied on by millions of Americans on a daily basis for personal and commercial purposes. Its low cost and global reach make it extremely convenient and efficient, and offer unique opportunities for the development and growth of frictionless commerce."  The importance of consumers being able to unsubscribe is part and parcel of FDUPTA, "The convenience and efficiency of electronic mail are threatened by the extremely rapid growth in the volume of unsolicited commercial electronic mail. Unsolicited commercial electronic mail is currently estimated to account for over half of all electronic mail traffic, up from an estimated 7 percent in 2001, and the volume continues to rise…. The receipt of unsolicited commercial electronic mail may result in costs to recipients who cannot refuse to accept such mail and who incur costs for the

6

storage of such mail, or for the time spent accessing, reviewing, and discarding such mail, or for both…The receipt of a large number of unwanted messages also decreases the convenience of electronic mail and creates a risk that wanted electronic mail messages, both commercial and noncommercial, will be lost, overlooked, or discarded amidst the larger volume of unwanted messages, thus reducing the reliability and usefulness of electronic mail to the recipient." It is therefore critical for Defendant to maintain a system that tracks and monitors which recipients have unsubscribed for Plaintiff can honor those preferences.   Moreover, Florida Law dictates and requires that Defendant beehiiv maintains a system that tracks and monitors which recipients have unsubscribed.

28.     Every violation of Defendants' failure to include an unsubscribe or opt-out link that remains functional for at least thirty (30) days after transmission of a commercial message is accessed a $250 fee, per email message.

29.     Here, the penalties against Defendant under the Florida Unfair and Deceptive Trade Practices Act would be calculated as 78,976 emails x $250/message = $19,744,000 in damages.

30.     Without the unsubscribe records from Defendant and working unsubscribe links, Plaintiff has no knowledge as to which recipients of the commercial email message delivered by Defendant on or about Oct. 22, 2025 unsubscribed.

31.     Plaintiff has suffered damages without said unsubscribe data from Defendant and without working unsubscribe links.

32.     Plaintiff specifically pleads attorneys' fees, court costs, and actual damages incurred by Defendant's actions here.

33.     Moreover, the mere failure of Defendant to provide a working unsubscribe link accessible

7

for at least 30 days after the delivery of the commercial email/newsletter provides for a $250 statutorily defined damage per each message, for a total of $19,744,000.

34.   The messages at issue in this matter were sent and/or caused to be sent by Defendant beehiiv on or about Oct. 22, 2025.

35.   As soon as the following day, Oct. 23, 2025, recipients were unable to click the unsubscribe link to unsubscribe though Defendant beehiiv's system.

36.   Therefore, Defendant beehiiv's system is so negligently designed and maintained that Defendant beehiiv fails to comply with FDUPTA.

37.   Moreover, Defendant beehiiv has acted in such a manner that fails to provide users like Plaintiff with critical data that Plaintiff is legally entitled to access and receive: the unsubscribe information from Plaintiff's account.

38.   As a direct result of Defendant beehiiv's actions detailed in this matter, Plaintiff Madison Row has incurred actual damages.

39.   There is a direct link between Defendant's deceptive or unfair practice and the losses suffered by Plaintiff in this action.

40.   Reasonably prudent consumers like Plaintiff under the same circumstances are likely to be deceived by Defendant because Defendant beehiiv advertises and claims that Defendant beehiiv's system is designed for everyday business owners, writers, bloggers, among others, yet in truth and in fact, Defendant fails to meet the legal requirements under FDUPTA for sending out commercial messages and newsletters.

41.   Plaintiff provided substantial funds to Defendant for Defendant to send out and/or cause to be sent out Plaintiff's marketing in a lawful manner.

8

42.     Plaintiff would not have paid Defendant anything if Plaintiff knew that Defendant beehiiv fails to meet the legal requirements under FDUPTA for sending out commercial messages and newsletters.

43.     Defendant beehiiv's deceptive and/or unfair practices prevent Plaintiff from obtaining and/or accessing critical data that Plaintiff is legally entitled to access and receive: the unsubscribe information from Plaintiff's account.

44.     Public policy mandates and requires that Defendant beehiiv provide Plaintiff with Plaintiff's unsubscribe data.

45.     It is immoral, unethical, oppressive, or unscrupulous, and offends established public policy, causing substantial injury to consumers for Defendant beehiiv to refuse to provide Plaintiff with Plaintiff's unsubscribe data.

46.     Plaintiff has made numerous good-faith attempts to resolve this matter with Defendant for days on end and Defendant has failed to offer any meaningful attempt to resolve this matter.

47.     **Exhibit E** provides the messages that Plaintiff has emailed to Defendant in numerous attempts to resolve this matter without the need to commence this litigation.

48.     Defendant has either wholly ignored Plaintiff's messages and/or failed to provide any responsive message back to Plaintiff.

49.     Despite Plaintiff's numerous attempts over numerous days to request that Defendant merely provide Plaintiff with Plaintiff's unsubscribe data, Defendant has failed to provide ANY unsubscribe data to Plaintiff.

50.     As a result, Plaintiff has no choice but to file the instant suit before this Court.

## COUNT I – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1-50 above, and further alleges:

51.     Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff Madison Row in this case, from

those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

52.     Plaintiff Madison Row is a consumer within the meaning of Fla. Stat as a business, firm, association, joint venture, corporation, and any commercial entity. § 501.203(7).

53.     Defendant engaged in trade and commerce within the meaning of Fla. Stat. § 501.203(8).

54.     While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference other interpretations of these terms; those references find that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

55.     Defendant operates and maintains an email marketing system that fails to keep track of unsubscribes, fails to honor unsubscribes, and/or fails to provide users with unsubscribe data.

56.     As a result of Defendant's deceptive trade practices, Plaintiff was deceived into providing $367.20 to Defendant – thus causing Plaintiff economic damages.

57.     Moreover, Plaintiff has incurred substantial damages in the amount of $250 statutorily defined damage per each message, for a total of $19,744,000, due to the defective unsubscribe links sent to 78,976 recipients in Plaintiff's account.

58.     Defendant beehiiv has made false statements and omissions as to Defendant beehiiv's newsletter and email marketing system being useful for individuals, bloggers, businesses, and others, yet in truth and in fact, Defendant beehiiv's system fails to comply with FDUPTA.

10

59.     The materially false statements and omissions as described above; and the fact that Defendants perpetrated upon Plaintiff the above reference misrepresentations were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff, which would have likely deceived a reasonable person under the circumstances.

60.     Defendant, through its own advertising and representations, were on notice at all relevant times that the false representations and advertisements were all made to deceive victims like Plaintiff into wrongfully paying Defendant for Defendant's unlawful and defective system.

61.     As a result of the false representations described above, Plaintiff has been damaged by, among other things, paying Defendant and now incurring substantial statutory damages.

62.     Plaintiff has also been damaged in other and further ways subject to proof at trial.

63.     Therefore, Defendant engaged in unfair and deceptive trade practices in violation of Fla. Stat. section 501.201 *et seq.*

64.     Pursuant to Fla. Stat. §§ 501.211(1) and 501.2105, Plaintiff is entitled to recover from Defendant the reasonable amount of attorneys' fees and costs Plaintiff has incurred in representing Plaintiff's interests in this matter.

**WHEREFORE**, Plaintiff Madison Row demands judgment against Defendant beehiiv for an amount within the jurisdictional limits of this Honorable Court, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. § 501.211(1) and 501.2105, together and other relief deemed just and appropriate by this Honorable Court.. Plaintiff Madison Row reserves the right to seek leave of court to assess punitive damages against Defendant beehiiv.

11

## COUNT II - NEGLIGENCE

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1-50 above, and further alleges:

65.     At all times material hereto, Defendant beehiiv owed the duty to the Plaintiff to exercise reasonable care for Plaintiff's compliance with applicable email marketing laws.

66.     Defendant beehiiv breached its duty of care to Plaintiff Madison Row and was negligent in creating an unreasonably dangerous and hazardous condition, in failing to maintain functional unsubscribe links in the emails sent out on behalf of Plaintiff for at least thirty (30) days after the messages were mailed and/or caused to be mailed by Defendant beehiiv for Plaintiff Madison Row, as well as to maintain and operated a functional newsletter/email marketing system that prevents users from disabling said unsubscribe links in the user's account.

67.     As a direct and proximate result of Defendant beehiiv's aforesaid negligence, Plaintiff Madison Row has suffered, and continues to suffer material damages, loss of reputation, loss of business income, diminished goodwill, attorneys' fees, court costs, and other losses to be proven at trial.

**WHEREFORE** Plaintiff Madison Row demands judgment against Defendant beehiiv in an amount to be determined at trial, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.  Plaintiff Madison Row reserves the right to seek leave of court to assess punitive damages against Defendant beehiiv.

## RESERVATION OF RIGHTS

Plaintiff Madison Row reserves the right to further amend this Complaint, upon completion of

its investigation and discovery, to assert a claim for punitive damages, as well as any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

## CLASS ACTION CERTIFIABLE

Based upon information and belief, this Complaint could be certified as a class action because Defendant beehiiv has committed the same misconduct to at least 40 other Floridians, if not thousands, who have each suffered substantially similar damages, facing a common question of law or fact. At this time, Plaintiff does not seek Class Action Certification, but reserves all rights to seek to amend after discovery has been completed.

Respectfully submitted,

BY: Jordan A. Dresnick
JORDAN A. DRESNICK
Florida Bar No. 058529
**LAW OFFICES OF JORDAN A. DRESNICK**
901   Brickell Key Blvd.
Suite 2901
Miami, FL 33131
Telephone:      (786) 220-8785
E-mail: jordandresnick@gmail.com

BY: /s/ Amado Alan Alvarez

13

AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL
LAWYER
THE ALVAREZ & FRIGER TRIAL LAW
FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com

Dated: Oct. 26, 2025

# Exhibit A



# Exhibit B







# **Exhibit C**

Subscribers export ready for download   ⊟ Summarize



Hello,

The subscribers export you requested is ready for download. It's available in your Exports, or you can download it directly from the link below:

Download subscribers export

This link will expire in 24 hours.

*Having trouble viewing the link? Copy and paste the following url into your web browser:*

https://beehiiv-images-
production.s3.amazonaws.com/uploads/export/file/4f5ee051-7efa-47ed-9011-
b9a54bbe364d/subscribers-2025-10-26.csv?response-content-
disposition=attachment%3B%20filename%3D%22subscribers-2025-10-
26.csv%22&response-content-type=text%2Fcsv&X-Amz-Algorithm=AWS4-
HMAC-SHA256&X-Amz-
Credential=AKIAQCMHTQSE2JGAGXHJ%2F20251026%2Fus-east-
1%2Fs3%2Faws4_request&X-Amz-Date=20251026T194127Z&X-Amz-
Expires=86400&X-Amz-SignedHeaders=host&X-Amz-
Signature=468e4d3d11866ba357f61bfe5895eacbfbb9f4179cc8b02285ac522ef
80ea480



# **Exhibit D**

Receipt-2219-9852.pdf    ↓ Download    🖨 Print

## Receipt

| | |
|---|---|
| **Invoice number** | EIIOR9U4-0002 |
| **Date paid** | October 21, 2025 |

**beehiiv**
228 Park Ave S
#29976
New York, New York 10003
United States
hiiv-team@beehiiv.com

**Bill to**
Stephen Beck
madisonrow@madisonrowmarketing.com

### $367.20 paid on October 21, 2025

| Description | Qty | Unit price | Amount |
|---|---|---|---|
| beehiiv - Max<br>Oct 21 – Nov 20, 2025 | 1 | $459.00 | $459.00 |

| | | |
|---|---|---|
| Subtotal | | $459.00 |
| Tier 1: Launch Discount (20% off) | | -$91.80 |
| Total | | $367.20 |
| **Amount paid** | | **$367.20** |

### Payment history

| Payment method | Date | Amount paid | Receipt number |
|---|---|---|---|
| Visa - 3423 | October 21, 2025 | $367.20 | 2219-9852 |

# **Exhibit E**

From: Madison Row <madisonrow@madisonrowmarketing.com>
Sent: Thursday, October 23, 2025 3:10 PM
To: beehiiv <support+id2333M3-026LN@beehiivhelp.zendesk.com>
Subject: Re: Amicable dispute resolution

We are contacting you regarding an amicable dispute resolution. Beehiiv has terminated our account without any specific reason or explanation. We need the information and data of any recipient of our email who has unsubscribed. As you know or should know, email recipients have 30 days from the date a message is transmitted. We need the data to know who unsubscribed. Will you be providing this? If we do not hear from you within the next two days, we will have no choice but to escalate this matter beyond our professional attempt at amicable dispute resolution here.

---

**From:** Madison Row <madisonrow@madisonrowmarketing.com>
**Sent:** Friday, October 24, 2025 10:39 AM
**To:** beehiiv <support+id2333M3-026LN@beehiivhelp.zendesk.com>
**Subject:** Re: [beehiiv] Re: Import Subscribers

We have tried for now two days to receive the list of those who have unsubscribed from our newsletter. We have followed the steps you have suggested numerous times for two days. We kindly ask you to forward the list of unsubscribes to this email address by the end of the day today.

---

**From:** Madison Row <madisonrow@madisonrowmarketing.com>
**Sent:** Friday, October 24, 2025 1:02 PM
**To:** beehiiv <support+id2333M3-026LN@beehiivhelp.zendesk.com>
**Subject:** Re: [beehiiv] Re: Import Subscribers

We kindly ask you to forward the list of unsubscribes to this email address by the end of the day today. When we completed the export, the data came back with a blank excel file.