# Exhibit A

**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.
**Date:** Monday, December 1, 2025 at 9:24:30 AM Eastern Standard Time
**From:** Kelsey Harclerode
**To:** Jordan Dresnick
**CC:** Sheri Pan, alan@alvarezfrigertlf.com
**Attachments:** image001[49].png

Hi Jordan,

As previously noted, we're not inclined to waive the pretrial conference given the potential need for the conference to resolve various threshold issues if the parties are not able to resolve this matter—including the court's jurisdiction over this matter. We also understand that you are not able to cancel the conference, which is why we instead proposed the motion to continue.

Given the date of the pretrial conference is fast approaching, we intend to move forward with filing the motion to continue. **Please let us know by 12pm today if your client consents to the motion**. If not, we will advise the court that we were unfortunately unable to reach agreement on this request.

I am otherwise available to discuss this matter tomorrow between 1-2pm ET or Wednesday between 3-5pm ET. If you do not have a 30 minute block in either of those windows, please propose alternative times and I will let you know what is possible on my end.

Many thanks,
Kelsey

**Kelsey Harclerode (she, her, hers)**
**Legal Director | ZwillGen PLLC**
1900 M Street NW Suite 250, Washington, DC 20036
**Office:** 202 296 3585
Website | Twitter | LinkedIn

---

**From:** Jordan Dresnick <jordandresnick@gmail.com>
**Date:** Friday, November 28, 2025 at 10:17 PM
**To:** Kelsey Harclerode <kelsey@zwillgen.com>
**Cc:** Sheri Pan <sheri@zwillgen.com>, alan@alvarezfrigertlf.com <alan@alvarezfrigertlf.com>
**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.

External Sender - From: (Jordan Dresnick <jordandresnick@gmail.com>) Learn More
This message came from outside your organization.

Hi Kelsey,
The Pre Trial Conference is set by the Clerk of Courts. I did not set it and I cannot cancel it. Alan and I have no objection to waiving as a courtesy to you. But we need you to file a Notice of Appearance so we

can do so. That is what the PTC is for - for Defendant to make an appearance and for the parties to speak - which is what we are doing now.

On Wed, Nov 26, 2025 at 4:27PM Kelsey Harclerode <kelsey@zwillgen.com> wrote:

> Thanks, Jordan. We appreciate that consideration. It seems like we're on the same page that the PTC is unnecessary for the parties currently as we could be more productive engaging directly. I understand the date is set by the court but I also haven't had an issue with continuing these before. Is there a reason you do not want to seek the continuance?
>
> Sent from my iPhone
>
> On Nov 26, 2025, at 4:10PM, Jordan Dresnick <jordandresnick@gmail.com> wrote:
>
> Hi Kelsey,
> The PTC is simply designed to get the parties together and talking. I believe that is what we are doing. I offered to waive the PTC as a courtesy to you. If you want to fly down to Miami for a two minute conversation, you are welcome to. We will be sent to a brief (5 minute) mediation with a court staff person or we can speak among ourselves. So if you do not want us to waive it, that is fine. I did not pick the date and neither did my client. It is set based on the filing date.
>
> On Wed, Nov 26, 2025 at 3:16PM Kelsey Harclerode <kelsey@zwillgen.com> wrote:
>
>> Thanks, Jordan. I appreciate your kind words and sentiment. We're not inclined to waive the PTC in the event one is needed if the parties aren't able to resolve this without court involvement. While I'm hopeful that'll be unnecessary, I think it would be prudent to keep one on the schedule just in case. If you'd prefer a longer continuance, that could also work on our end. Just let us know.
>>
>> <image001[46].png>
>>
>> **Kelsey Harclerode** **(she, her, hers)**
>> **Legal Director | ZwillGen PLLC**
>> 1900 M Street NW Suite 250, Washington, DC 20036
>> **Office:** 202 296 3585
>> Website | Twitter | LinkedIn
>>
>> ---
>>
>> **From:** Jordan Dresnick <jordandresnick@gmail.com>
>> **Date:** Wednesday, November 26, 2025 at 3:01 PM
>> **To:** Kelsey Harclerode <kelsey@zwillgen.com>
>> **Cc:** Sheri Pan <sheri@zwillgen.com>, alan@alvarezfrigertlf.com <alan@alvarezfrigertlf.com>
>> **Subject:** Re: Madison Row Marketing v. beehiiv, Inc.
>>
>> External Sender - From: (Jordan Dresnick <jordandresnick@gmail.com>) Learn More
>> This message came from outside your organization.

Hi Kelsey,
It is nice to meet you. I am sorry to hear about your loss and may your loved one's memory be a blessing. In order for Alan and me to file a joint stipulation to waive the PTC, we just need agreement from you and you to be counsel of record by filing an NOA. That will begin the process. Just to be clear, it is not a continuance. It is simply to waive the PTC.

I always counsel all of my clients to consider amicable resolution and our client in this matter is certainly willing to consider that. And you can let me know when you are back in FL and wish to meet and confer on settlement.

Regards,
Jordan

On Wed, Nov 26, 2025 at 2:40PM Kelsey Harclerode <kelsey@zwillgen.com> wrote:

> Hi Jordan,
>
> Thanks for coordinating with Sheri while I've been out on bereavement leave and now the holiday. I'll be back in Gainesville this weekend and would like to set up time to discuss this case further with you. I suspect there may be an opportunity to resolve this efficiently without court involvement and the expenses that come with it.
>
> To that end, can you confirm whether you'll file Motion for Continuance? I've never had any issue with a court continuing this initial PTC especially if the parties are working towards resolution. I would think 30 days should suffice so we have enough time to discuss without running into the December holidays.
>
> Appreciate your time and attention to this. If there are dates/times next week that work best for you for a call let me know.
>
> Many thanks,
> Kelsey
>
> Sent from my iPhone
>
> On Nov 26, 2025, at 1:23PM, Jordan Dresnick <jordandresnick@gmail.com> wrote:
>
> Hi Sheri,
> As I mentioned, I do not practice on a *quid pro quo* basis. I try to extend professionalism to all opposing counsel and expect it in return.
>
> The point of a pre-trial conference is to commence the case with the parties communicating - which is exactly what we are doing here. My co-counsel and I did not select the date of next week for the hearing. Neither did the Court or the law clerk. Our client did not select the date either. It is set

automatically. We, as counsel for the parties, can seek to waive the pre-trial conference - meaning that neither of us needs to go to the hearing. You have not yet filed a notice of appearance. So I cannot ethically file a joint motion asking for a waiver of the conference until you are counsel of record. So I would just ask you to file a Notice of Appearance. We can then proceed with the case. As far as service goes to ensure that you have the documents, I am forwarding the Complaint and summons below.

Regards,
Jordan

On Wed, Nov 26, 2025 at 11:34AM Sheri Pan <sheri@zwillgen.com> wrote:

Jordan,

We checked with our client. They are agreeable to accepting service of the complaint via email on the condition that Plaintiff consents to a continuance of the Dec. 5 pretrial conference date. Please let us know by today your position on that so, if not, beehiiv can proceed with requesting the continuance via motion; we'd like to give the Court reasonable lead time on that—hence our outreach last week. Thank you.

Best,
Sheri

<image001.png> **Sheri Pan**
**ZwillGen Law LLP**
369 Pine Street, Suite 506, San Francisco, CA 94104
**Office:** 415 590 2335 **Pronouns:** she, her, hers
Website I Twitter I LinkedIn

---

**From:** Jordan Dresnick <jordandresnick@gmail.com>
**Date:** Tuesday, November 25, 2025 at 12:19 PM
**To:** Sheri Pan <sheri@zwillgen.com>
**Cc:** Kelsey Harclerode <kelsey@zwillgen.com>, alan@alvarezfrigerTLF.com <alan@alvarezfrigertlf.com>
**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.

External Sender - From: (Jordan Dresnick <jordandresnick@gmail.com>) Learn More
This message came from outside your organization.

Sheri,

Let's reset the conversation so we do not get off on the wrong foot here. I only asked you about your admission in FL because I was not sure if you were familiar with Florida practices. I take it that you are not. And that is fine.

My client and I are not conditioning anything on a *quid pro quo*. That is not how we practice. We were just asking you if you are going to accept service by email. If you want to check with your client and get to us, that is fine. Once we have an answer on that basic question, we can further discuss.

On Tue, Nov 25, 2025 at 3:06PM Sheri Pan <sheri@zwillgen.com> wrote:

> Thank you for the response Jordan. It sounds like you are conditioning a brief continuance, in light of the Thanksgiving holiday, on my client accepting service? Like I said Friday, I am not authorized to accept service at this time—but I can tell you that our client would be much more amenable to accepting service if you will agree to and request the continuance. If you are saying that in return for us accepting service, you will request the brief continuance, then please let me know and I'll of course ask that to our client.
>
> Kelsey Harclerode, copied on all these emails, is Florida barred and leading this matter. I have sent the last few emails on our behalf, however, because a family member of hers passed away last week. I am New York barred, however, which I mention because your client affirmatively agreed to terms designating New York as the venue for "[a]ny legal suit, action, or proceeding arising out of, or related to, these Terms of Use or beehiiv." *See* beehiiv's Terms of Use.
>
> In any case, it sounds like there are various issues related to this matter that are worth us having more time to discuss. If beehiiv has to proceed with that unilateral continuance request because you oppose, though, then I guess it will have to. I do think the Court would appreciate the parties working productively together though, where possible.
>
> <image001.png>
> **Sheri Pan**
> **ZwillGen Law LLP**
> 369 Pine Street, Suite 506, San Francisco, CA 94104
> **Office:** 415 590 2335 **Pronouns:** she, her, hers
> Website | Twitter | LinkedIn
>
> ---
>
> **From:** Jordan Dresnick <jordandresnick@gmail.com>

**Date:** Tuesday, November 25, 2025 at 11:30 AM
**To:** Sheri Pan <sheri@zwillgen.com>
**Cc:** Kelsey Harclerode <kelsey@zwillgen.com>, alan@alvarezfrigerTLF.com <alan@alvarezfrigertlf.com>
**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.

External Sender - From: (Jordan Dresnick <jordandresnick@gmail.com>) Learn More
This message came from outside your organization.

Sheri,
You were going to get back to me about the straightforward question on acceptance of service of process. Once we receive an update from you on that matter, we can advise you accordingly on your inquiry. Are you licensed to practice law in the State of Florida?

Regards,
Jordan

<img-5858e7c0-8db0-475e-b280-97f68da42e60>
On Tue, Nov 25, 2025 at 2:24PM Sheri Pan <sheri@zwillgen.com> wrote:

> Jordan,
>
> I still see no response to our email from last Thursday about our request to continue the hearing in light of the Thanksgiving holiday and our recently being engaged in the matter. Given the request is a pretty straightforward one and the usual professional courtesy in these situations, we'll have to proceed with a unilateral request to continue the hearing and inform the Court your client declined to stipulate despite our efforts. We'll also have to raise the threshold issues with service, venue, and personal jurisdiction in that filing.
>
> Best,
> Sheri
>
> <image001.png>
> **Sheri Pan**
> **ZwillGen Law LLP**
> 369 Pine Street, Suite 506, San Francisco, CA 94104
> **Office:** 415 590 2335 **Pronouns:** she, her, hers
> Website I Twitter I LinkedIn
>
> ---
>
> **From:** Sheri Pan <sheri@zwillgen.com>

**Date:** Friday, November 21, 2025 at 1:58 PM
**To:** Jordan Dresnick <jordandresnick@gmail.com>
**Cc:** alan@alvarezfrigerTLF.com <alan@alvarezfrigertlf.com>, Kelsey Harclerode <kelsey@zwillgen.com>
**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.

Thanks Jordan. I imagine that shouldn't be an issue for your client given the upcoming holiday and professional courtesy; we'd then also have time for you and us to discuss your claims, once we look into them with our client. Can you let me know by Monday given the outage next week please; I'm not authorized to accept service at the moment but can discuss with my client.

Hope you have a nice weekend.

<image001.png>

**Sheri Pan**
**ZwillGen Law LLP**
369 Pine Street, Suite 506, San Francisco, CA 94104
**Office:** 415 590 2335 **Pronouns:** she, her, hers
Website | Twitter | LinkedIn

---

**From:** Jordan Dresnick <jordandresnick@gmail.com>
**Date:** Friday, November 21, 2025 at 10:02 AM
**To:** Sheri Pan <sheri@zwillgen.com>
**Cc:** alan@alvarezfrigerTLF.com <alan@alvarezfrigertlf.com>, Kelsey Harclerode <kelsey@zwillgen.com>
**Subject:** Re: Madison Row Marketing v. beehiiv, Inc.

External Sender - From: (Jordan Dresnick <jordandresnick@gmail.com>) Learn More
This message came from outside your organization.

Hi Sheri,
It is nice to meet you as well. I need to ask Plaintiff about the continuance. As far as service, are you willing to accept service for your client?

Regards,
Jordan Dresnick

On Thu, Nov 20, 2025 at 1:53PM Sheri Pan <sheri@zwillgen.com> wrote:

> Counsel:

Nice to meet you over email. We were recently retained on this matter by beehiiv. I see what appears to be a pre-trial conference set for December 5 (though it's a bit unclear to me since my client hasn't been served in this matter). Given the holiday next week and that we're still looking into your allegations with our client, is your client able to request a continuance of the pretrial conference so we can review and then discuss please? Let me know—thanks.

Best,
Sheri Pan

<image001.png>
**Sheri Pan**
**ZwillGen Law LLP**
369 Pine Street, Suite 506, San Francisco, CA 94104
**Office:** 415 590 2335 **Pronouns:** she, her, hers
Website | Twitter | LinkedIn

<beehiiv summons issued.pdf>
<Madison Row v beehiiv - Filed Complaint.pdf>