UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB/Torres

Madison Row Marketing, Inc.,

Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND, AND IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND**

Plaintiff Madison Row Marketing, Inc. (hereinafter "Madison Row"), by and through the undersigned counsel, files its Reply to Defendants' Opposition to Plaintiff's Motion for Remand, and in the Alternative, Plaintiff's Motion for Leave to Amend, and states as follows:

1. In short, this Honorable Court lacks jurisdiction for lack of diversity under 28 U.S. Code § 1332 and no substantial or significant (or even minor) federal question under 28 U.S.C. §1331.

2. Defendants only had 30 days to file a notice of removal, listing purported reasons for federal jurisdiction pursuant to 28 U.S. Code § 1446. Defendants filed their Notice of Removal last year [ECF 1]. Defendants failed to allege the existence of a substantial or significant federal question as a ground for removal. *Id*. It is procedurally improper for Defendants to attempt to use an Opposition to Plaintiff's Motion for Remand raise *for the first time* a substantial or significant federal question months after the deadline has

1

passed. 28 U.S. Code § 1446 (the Notice must include "a short and plain statement of the grounds for removal"); 28 U.S.C. § 1447(c); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Therefore, Defendants have waived federal question as a basis for removal.

3.  Defendants' Opposition begins by blatantly misrepresenting to this Court that the removed Complaint from state court at issue here is "a deliberate attempt to avoid federal court jurisdiction over claims against a non-Florida company premised entirely on a federal statute, the Controlling the Assault of Non-Solicited Pornography and Marketing Act ('CAN-SPAM Act')." Nothing could be further from the truth.

a.  The removed Complaint does not mention or reference the "Controlling the Assault of Non-Solicited Pornography and Marketing Act ('CAN-SPAM Act')" a single time. In fact, there is no mention or reference to **any** federal law, statute, or rule in the removed Complaint.

b.  **All** of the causes of action in the removed Complaint are based **entirely** and **exclusively** on Florida law.

c.  There is no substantial or significant (or even minor) question of federal law in the complaint before this Court.

d.  Defendants' Opposition does not deny that Florida Defendant Dan Krenitsyn has admittedly been (and remains) a citizen of Florida at **all** times relevant to this case.

e.  Moreover, Defendants' Opposition does not – and cannot – overcome the significant burden imposed by the 11th Circuit in overcoming the specific and detailed allegations in the Amended Complaint against Florida Defendant Dan Krenitsyn on a personal level. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

  f.  As discussed at length in Plaintiff's Motion to Remand, the United States Supreme Court and 11th Circuit Court of Appeals have issued binding opinions that determinations of federal question and diversity jurisdiction are made at the time of removal. *E.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"); *Pacheco de Perez*, 139 F.3d at 1380 (determination of federal jurisdiction on removed complaints "must be based upon the plaintiff's pleadings at the time of removal."). Defendants cannot use an Opposition to Plaintiff's Motion for Remand to edit, alter, or co-mingle the words of the removed Complaint at issue here.

  4.  Defendants attempt to mitigate and limit the detailed, specific allegations in the removed Complaint related to Florida Defendant Dan Krenitsyn, but even Defendants eventually must concede that Defendant Krenitsyn's specific and personal role as a defendant in the case is delineated numerous times in the removed Complaint.

  5.  Importantly, Defendants overlook that for the sake of brevity, the removed Complaint makes frequent use of citing by reference and re-alleging portions of the Complaint to avoid redundancy. Therefore, in turn, Defendant Dan Krenitsyn is actually specifically noted in the Complaint more times than even Defendants' Opposition acknowledges. *See, e.g.,* Am. Compl. ¶¶ 8-33, 60, 64-71, 73-75.

  6.  Plaintiff will not copy and paste the ample specific allegations detailed against Florida Defendant Dan Krenitsyn in the Amended Complaint and listed in Plaintiff's Motion for Remand, except to bring to this Court's attention that Defendants' Opposition fails to consider many of the allegations in the Amended Complaint against Florida Defendant Dan Krenitsyn. *See, e.g.,* Am. Compl. ¶¶ 8-33, 60, 64-71, 73-75; Mot.

for Remand at 15-16.

7.     Defendants' Opposition fails to ever once come face-to-face with the high burden imposed on Defendants here (as the parties moving for removal) to prove jurisdiction or that "[t]he burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez*, 139 F.3d at 1380 ("the removing party has the burden.").

8.     Defendants cite in their Opposition the 11th Circuit decision in *Legg v. Wyeth*, but neglect to mention that the Court held there that the trial court must "resolve all questions of fact . . . in favor of the plaintiff." 428 F.3d 1317, 1322-25 (11th Cir. 2005) (citing *Cabalceta* v. *Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989)). As detailed below, the attached Declaration of Plaintiff's Corporate Representative makes exceedingly clear the personal liability of Florida Defendant Dan Krenitsyn here.

9.     Defendants use their Opposition to Plaintiff's Motion for Remand to contest service; this is procedurally improper. Fed. R. Civ. P. 12(b)(2).

10.    It has been a hallmark of jurisprudence for decades that service provides notice to a defendant of proceedings against her. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.). Florida Defendant Dan Krenitsyn cannot possibly profess to not being aware of this case while simultaneously having filed a declaration under oath in this very matter.  [ECF 1].

11.    It is also improper for Defendants' counsel to "have their cake and eat it too" by advocating on behalf of Florida Defendant Dan Krenitsyn in the Opposition

4

while, at the same time, implying that Defendants' counsel may not represent Krenitsyn.

12.     Because Defendants have rung the bell, Plaintiff here succinctly denies the storyline that Defendant Krenitsyn was not served and/or is unaware of the proceedings against him.  Plaintiff reserves the right to refute any argument over service at the appropriate time, if at all.

13.     The accompanying affidavit by Plaintiff's Corporate Representative further confirms the specific and personal liability of Florida Defendant Dan Krenitsyn in this matter for Krenitsyn's personal role in admittedly (1) failing to track unsubscribe data, required under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes §§ 501.201–501.213, (2) failing to enable Plaintiff's recipients to unsubscribe, as required under FDUPTA, (3) failing to make the unsubscribe data available to Plaintiff, as required under FDUPTA, and (4) through Defendants' negligence in designing and/or using a website for non-tech business executives that fails to ensure unsubscribe data is deleted.  Exhibit A, Lunden Affidivit at ¶¶ 9-16.  To be clear, these same allegations are also specifically made against Defendant Dan Krenitsyn in the removed Amended Complaint at issue here.  Am. Compl. ¶¶ 8-33, 60, 64-71, 73-75.

14.     Defendants' Opposition seeks to escape the reality of the facts presented in the Amended Complaint detailing the personal ways in which Defendant Dan Krenitsyn properly finds himself being held accountable for his admitted failures to be cognizant of, and adhere to Florida law in this matter.  Defendants cite several, inapplicable cases where a particular defendant was wholly uninvolved in the matter. *Herbst v. American Orthodontics Corporation*, 23-61262-CV, 2023 WL 7108825, at *3

(S.D. Fla. Oct. 10, 2023) (Defendants in the instant matter presently before this Court even acknowledge that the "business structure" in the *Herbst* case distinguishes the analysis); *De Varona v. Discount Auto Parts, LLC*, 860 F. Supp. 2d 1340, 1347 (S.D. Fla. 2012)(declining remand based on "photographs [that] are not dated," "it is not apparent from them that they were taken at the Advance Auto store where the incident in question occurred," show a "blotchy spill" in an adjoining parking lot, and fail to connect the defendant to the photos); *Watts v. Wal-Mart Stores E., LP*, 656 F. Supp. 3d 1363, 1368 (S.D. Fla. 2023)(wholesale absence of any allegations of personal liability in the removed complaint against defendant in question).

15. In sharp contrast to the limited cases cited by Defendants' Opposition that are factually and legally distinct from the instant matter before this Court, there are significant and detailed allegations in the Amended Complaint regarding Florida Defendant Dan Krenitsyn's culpability in this action. Am. Compl. ¶¶ 8-33, 60, 64-71, 73-75; *see also* Exhibit A, Lunden Affidavit at ¶¶ 9-16. "All doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014); *Univ of S. Ala.*, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand.").

16. Defendants' Opposition repeatedly seeks to limit and mitigate Defendants' Waiver of the Right to Remove by representing to this Court that Defendants' counsel *only* "contact[ed] the Miami-Dade County Court clerk regarding the status of a pretrial conference." Opp. at 14. The undisputed facts – which Defendants have not and cannot counter in their Opposition – confirm that Defendants invoked the jurisdiction of the state court by seeking dispositive actions of the state court to permanently end the case. Mot.

6

at 18 ("Defendants took it upon themselves to file a correspondence with the state court requesting that the state "Court should dismiss this case.") [ECF 10]. Additionally, Plaintiff confirms that the undersigned counsel were advised that Defendants' *ex parte* communications were not with a deputy clerk, but with the Court's chambers directly. Exhibit A to Motion, ¶¶ 10-20 [ECF 10].

17. Defendants attempt to limit the numerous and factually parallel cases cited in Plaintiff's Motion for Remand (*Krobatsch v. Target Corporation*, 2020 WL 6475175 (S.D. Fla., Oct. 30, 2020); *Angel v. Target Corporation et al*, Case No. 20-62701-CIV-ALTMAN (S.D. Fla. April 12, 2021); *Smothers v. Wal-mart Stores, East, LP and Joshua Eldridge*, Case No: 2:24-cv-1067-JES-KCD (M.D. Fla. 2025); *Valencia v. Wal-Mart Stores, Inc.*, No. 23-CV-20862, 2023 WL 3172532, at *2 (S.D. Fla. May 1, 2023)) by attempting to create a brand new wrinkle in the law of federal jurisdiction and remand of state court cases that negligence in Florida alleged against a department store has a different threshold than the same exact cause of action for negligence in Florida alleged against an email marketing company. Out of respect for this Court's time, Plaintiff will politely decline to travel down this frivolous road laid by Defendants' Opposition.

18. Finally, Defendants attempt to impose a gag on Plaintiff's ability to seek leave to amend a case that has been amended once. It is blackletter law that leave to amend should always be freely granted. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Plaintiff seeks leave to amend to the extent that Defendants contend that the Amended Complaint at issue here fails to specifically provide sufficient allegations detailing the

personal liability of Florida Defendant Dan Krenitsyn to this matter. Defendants' Opposition fails to explain how (1) Plaintiff has abused the privilege to amend, (2) Defendants would be prejudiced from an amendment; or (3) how the very type of amendment advocated as requisite in Defendants' Opposition would be futile here.

19. In sum, Plaintiff's Motion for Remand sets forth the exceedingly high standard imposed by the 11th Circuit on Defendants to show how a federal court of limited jurisdiction can suddenly double as a state court to try the instant action in which there is a lack of diversity under 28 U.S. Code § 1332 and no substantial or significant (or even minor) federal question under 28 U.S.C. §1331.

**WHEREFORE,** Plaintiff Madison Row Marketing, Inc. respectfully requests that this Honorable Court enter a Report and Recommendation to remand this state court action, with its exclusive state court causes of action, against non-diverse parties, back to the 11th Circuit Court in and for Miami-Dade County, Florida.

Respectfully submitted,

By: /s/ Amado Alan Alvarez AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL LAWYER
THE ALVAREZ & FRIGER TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com

By: /s/ Kenneth B. Schurr
Kenneth B. Schurr
2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031
Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com


Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33146
Tel.: 786-220-8785
By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529
E-mail: JordanDresnick@gmail.com


Dated: February 18, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 18, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth B. Schurr
Kenneth B. Schurr
Florida Bar No. 876100

**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Jordan A. Dresnick
Jordan A. Dresnick
Florida Bar No. 058529

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB/Torres

Madison Row Marketing, Inc.,

Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

Defendants.

_____/

**DECLARATION OF SUSAN LUNDEN IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

I, Susan Luden, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. My name is Susan Lunden. I am over the age of 18 years, competent to make this Declaration, and have personal knowledge of the facts stated herein.

2. I make this Declaration in support of Plaintiff Madison Row Marketing, Inc.'s (hereinafter "Madison Row") Motion for Remand and in support of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Remand.

3. The facts contained in this Declaration are based on my personal knowledge.

4. If called as a witness, I could and would testify competently to the facts stated herein.

5. I have served as Plaintiff Madison Row Marketing, Inc.'s Manager since it was founded and at all relevant times to this action.

6. I oversee the operations of Plaintiff Madison Row.

12

7. Plaintiff Madison Row brought this action to obtain Plaintiff's unsubscribe from Defendants so Plaintiff Madison Row can abide by all legal requirements and common decency to not send marketing to Plaintiff's recipients who have unsubscribed.

8. When Plaintiff Madison Row was a customer of Defendants, Defendants unexpectedly and suddenly took wrongful actions to terminate Plaintiff's account without providing Plaintiff with access to its unsubscribe data.

9. I attempted multiple times to contact Defendants, including Defendant Dan Krenitsyn to obtain Plaintiff's unsubscribe data from Defendant Dan Krenitsyn.

10. It is extremely frustrating to be a small business manager just trying to obtain this simple information from Defendant Dan Krenitsyn so that our small business will not harass customers who no longer wish to receive messages from Plaintiff.

11. Defendant Dan Krenitsyn failed to ever once contact me back.

12. Defendant Dan Krenitsyn failed to ever provide Plaintiff Madison Row with its unsubscribe data.

13. Defendant Dan Krenitsyn failed to ever restore Plaintiff Madison Row's account such that Plaintiff Madison Row could obtain its unsubscribe data.

14. Defendant Dan Krenitsyn failed to ever track the unsubscribe data of Plaintiff Madison Row while Madison Row was a customer of Defendant Dan Krenitsyn.

15. If Defendant Dan Krenitsyn, who admits to being the Chief of Staff and now Chief Operating Officer of Defendant beehiiv, Inc., openly acknowledges that he fails to follow Florida law, then Plaintiff Madison Row is unable to honor the unsubscribe requests of Plaintiff's recipients.

16. Plaintiff Madison Row has suffered damages as a result of the personal actions (and inactions) of Florida Defendant Dan Krenitsyn.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of February, 2026, in Miami-Dade County, Florida.

By: /s/ <u>Susan Lunden</u><br>Susan Lunden