UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADISON ROW MARKETING, INC.,

    Plaintiff,

v.

BEEHIIV INC., a New York corporation; DAN KRENITSYN,

    Defendants.

Civil Action No. 1:25-cv-26130-JB

_____/

## BEEHIIV'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant beehiiv Inc. ("beehiiv") hereby responds to the Joint Motion to Strike Impertinent Aspersions from the Record ("Motion to Strike") filed by Plaintiff in the above-captioned matter, Madison Row Marketing, Inc. ("Plaintiff").[1]  The Motion to Strike should be denied because it is not directed at any matter in a "pleading" under Rule 12(f), fails to identify with particularity any specific language that Plaintiff contends should be stricken, and is effectively moot.

Plaintiff moves this Court to "strike all impertinent aspersions from the record lodged against Plaintiffs' counsel" filed in beehiiv's Response in Opposition to Plaintiff's Motion for Enlargement of Time ("Opposition Memoranda") under the authority of Federal Rule of Civil Procedure 12(f).  But Plaintiff's reliance on Rule 12(f) is misplaced.  Rule 12(f) only permits a court to strike material from a pleading.  Fed. R. Civ. P. 12(f); *see also Caplan v. 101 Vapor & Smoke, LLC*, No. 1:18-cv-23049-KMM, 2020 WL 13645279, at *5 (S.D. Fla. Aug. 5, 2020)

---

[1] The Court's paperless order setting oral argument appears to classify Plaintiff's Motion to Strike as a "Motion for Sanctions."  Order, ECF 15.  Plaintiff's Motion to Strike seeks no sanctions and invokes only Rule 12(f).  As discussed below, the Motion to Strike is procedurally and substantively deficient even under Rule 12(f), and it does not provide a basis for sanctions relief.

(Becerra, J.). Rule 7(a) defines pleadings to include only "a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third party complaint; and . . . a reply to an answer." Fed. R. Civ. P. 7(a). Notably, motion memoranda are not included in this exhaustive list. This Court thus recognizes that, "[a]s such, motions to strike filings that are not pleadings, as defined by Rule 7(a), are improper . . . [and] Plaintiff's Motion must be denied." *Caplan*, 2020 WL 13645279, at *5 (denying motion to strike because it "seeks to strike . . . Defendant's Motion"); *see also Davis v. McKenzie*, No. 16-62499-CIV, 2017 WL 8809917, at *1 (S.D. Fla. Nov. 3, 2017) (collecting cases denying motions to strike filings that are not pleadings).

Even if Rule 12(f) applied (it does not), Plaintiff's Motion to Strike would still fail because it does not quote, cite, or identify any specific sentence, paragraph, or page of beehiiv's Opposition Memoranda that allegedly warrants removal. Instead, Plaintiff asks the Court to strike undefined "aspersions" in bulk and provides no explanation for why such unidentified language should be stricken. This is improper. The moving party bears the burden of identifying the language challenged as redundant, immaterial, impertinent, or scandalous and demonstrating how such language is completely unrelated to the underlying action. *See Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978). "The Southern District of Florida considers this to be an 'exceedingly high standard.'" *Johnson v. Carnival Corp.*, No. 07-20147-CIV, 2007 WL 9709705, at *2 (S.D. Fla. Sept. 18, 2007) (quoting *In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999)). Indeed, 12(f) motions "are not favored, often being considered time wasters, and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* at *2 (internal quotations omitted).

Plaintiff's generalized dissatisfaction with beehiiv's characterization of events falls well short of that standard. That is especially so here, where beehiiv supported the arguments set forth in its Opposition Memoranda with competent evidence. Specifically, beehiiv submitted a declaration from counsel attaching the parties' meet-and-confer correspondence, in support of beehiiv's argument that Plaintiff's counsel failed to comply with the local rules and in order to rebut the mischaracterizations advanced in Plaintiff's Enlargement Motions. Harclerode Decl. Ex. A, ECF 9-2. For example, Plaintiff claims that beehiiv "question[ed] the 'personal events' affecting Plaintiffs' counsel"—but as the meet-and-confer emails show, beehiiv readily agreed to provide a seven-day extension of the Motion to Remand deadlines, precisely because of those personal events. *See id.* By contrast, Plaintiff does not identify—let alone quote—a single sentence that is purportedly "impertinent," underscoring the speculative and unsupported nature of their request.

Finally, although Plaintiff fails to identify the specific language they seek to strike, their Motion to Strike appears to target portions of beehiiv's Opposition Memoranda in response to Plaintiff's Enlargement Motion. This Court, however, already ruled that the Enlargement Motion is moot. Order, ECF 11. Accordingly, Plaintiff's Motion to Strike is likewise moot, and there is no live controversy for the Court to resolve. *See, e.g.*, *Ramindesign, LLC v. Skarzynski*, No. 23-CV-24838, 2024 WL 5103658, at *1 (S.D. Fla. Nov. 4, 2024), report and recommendation adopted, No. 23-24838-CIV, 2024 WL 5103502 (S.D. Fla. Nov. 20, 2024) (denying as moot a motion to strike an amended answer that was no longer the operative pleading).

Dated: February 19, 2026

*/s/ Kelsey Harclerode*
Kelsey Harclerode (Florida Bar No. 1048280)
Email: kelsey@zwillgen.com
Nury Siekkinen (Florida Bar No. 1015937)
Email: nury@zwillgen.com

**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorneys for Defendant
beehiiv Inc.*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 19, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                */s/ Kelsey Harclerode*
                Kelsey Harclerode

Jordan A. Dresnick (SBN 058529)
Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33131
Tel: 786-220-8785
Email: JordanDresnick@gmail.com

Amado Alan Alvarez (SBN 746398)
THE ALVAREZ & FRIGER TRIAL LAW FIRM
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. 305-258-2739
Fax: 1-844-252-6329
Email: Alan@AlvarezFrigerTLF.com

Kenneth B. Schurr (SBN 876100)
Manno & Schurr PA
2030 S Douglas Road
Suite 105
Coral Gables, FL 33134
Tel: 305-441-9031
Fax: 786-221-2720
Email: kbsservice@schurrlaw.com, counselken@schurrlaw.

*Attorneys for Plaintiff*
*Madison Row Marketing, Inc.*