UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:25-cv-26130-JB/Torres

Madison Row Marketing, Inc.,

Plaintiff,

v.

beehiiv, Inc. and Dan Krenitsyn,

Defendants.

CASE NUMBER: 1:26-cv-20111-JB/Torres

Miami Legal Resources, LLC and Rossdale CLE, Inc.,

Plaintiffs,

v.

beehiiv, Inc. and Dan Krenitsyn,

Defendants.

**PLAINTIEFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINITFFS' JOINT MOTION TO STRIKE IMPERTINENT ASPERSIONS FROM THE RECORD**

Plaintiffs Madison Row Marketing, Inc., Miami Legal Resources, LLC and Rossdale CLE, Inc. in the two above-referenced, related cases, by and through the undersigned counsel, hereby provide this Reply to Defendant beehiiv, Inc.'s Opposition to Plaintiffs' Joint Motion to Strike Impertinent Aspersion from the Record.

In response to a request to seek additional time to file a Motion for Remand due to a series of unfortunate circumstances affecting Plaintiffs' counsel, Defendants questioned the "personal events" affecting Plaintiffs' counsel, like the death of a family member of

1

Plaintiffs' counsel and an accident involving another one of Plaintiffs' counsel; claimed that Plaintiffs' counsel made "misrepresentations" to the Court; and alleged that the undersigned counsel failed to follow meet-and-confer requirements (all while Defendants' counsel produced numerous pages of meet-and-confer messages and times of phone calls). As a result, Plaintiffs moved to strike these aspersions from the record on February 5, 2026. Defendant beehiv, Inc. in turn filed an opposition[1] that focuses on the technical nature of Rule 12(f) applying only to pleadings and argues that the motion to strike was not specific enough in detailing the impertinent aspersions.

Plaintiffs hereby provide this short Reply. First, the very nature of Defendant(s)' Opposition calls into question whether the impertinent aspersions against Plaintiffs' counsel were included in a *motion* under the false sense that this Court could not strike impertinent aspersions in a *motion* because technically it is not a "*pleading*."

Second, there is no debate that the Supreme Court has established long-standing black-letter law that "[f]ederal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 32 (1991).

There is no need for this Court and its staff to have to sift through yet another lengthy set of papers in this duo of cases, involving exclusively Florida state causes of action and non-diverse parties. As Defendant(s)' Opposition concedes, a motion to strike should be limited to "allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Johnson v. Carnival Corp.*, No. 07-20147-CIV, 2007 WL 9709705, at *2 (S.D. Fla. Sept. 18, 2007). That is clearly the case here, where allegations against Plaintiffs'

---

[1] The opposition was filed only on behalf of Defendant beehiv, Inc. although beehiv's same counsel have made filings on behalf of Florida Defendant Dan Krenitsyn.

counsel are outside of the merits of the legal issues presented in these two matters.

There is simply no place in this Court, or any court, for personal attacks. *See, e.g.*, Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992) (finding "scandalous" to include allegations that cast a cruelly derogatory light on a party or other person); *Williams v. Florida Health Sciences Center, Inc.*, No. 8:05-CV-68-T-23, 2007 WL 641328, at *3 (M.D. Fla. 2007) (finding allegations against opposing counsel can be "offensive and damaging to reputable attorneys").

Respectfully submitted,

By: /s/ Amado Alan Alvarez   AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL TRIAL LAWYER
THE ALVAREZ & FRIGER TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com


By: /s/ Kenneth B. Schurr
Kenneth B. Schurr
2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031
Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com


Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33146
Tel.: 786-220-8785
By: /s/ Jordan A. Dresnick
Jordan A. Dresnick

Florida Bar No. 058529
E-mail: JordanDresnick@gmail.com


Dated: February 26, 2026

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 26, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                By: /s/ Kenneth B. Schurr
                                                   Kenneth B. Schurr
                                                   Florida Bar No. 876100


**Service List**

Nury Siekkinen
nury@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn

Kelsey Harclerode
kelsey@zwillgen.com
Zwillgen PLLC
1900 M Street, NW Suite 250
Washington, DC 20036
Tel.: 202-296-3585
Counsel for Defendants beehiiv, Inc. and Dan Krenitsyn


## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

    Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ <u>Jordan A. Dresnick</u>
Jordan A. Dresnick
Florida Bar No. 058529

5