UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADISON ROW MARKETING, INC.,

    Plaintiff,

v.

BEEHIIV INC., a New York corporation; DAN
KRENITSYN,

    Defendants.

                                                  /

                        **Civil Action No. 1:25-cv-26130-JB**

**BEEHIIV INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rule 201 of the Federal Rules of Evidence, Defendant beehiiv Inc. ("beehiiv") respectfully requests that the Court consider certain documents under the incorporation-by-reference doctrine or, in the alternative, take judicial notice of them in support of beehiiv's Motion to Dismiss. beehiiv states as follows:

1.      In ruling on a motion to dismiss, district courts may consider materials beyond the pleadings and any exhibits attached to the pleadings under two exceptions: "(1) the incorporation-by-reference doctrine; and (2) judicial notice." *Zhang v. Emory Univ.*, No. 23-12365, 2025 WL 1482873, at *5 (11th Cir. May 23, 2025).

2.      Under the incorporation-by-reference doctrine, "a court may consider an extrinsic document when it is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Id.* The document need not be referenced or cited directly in the complaint in order to be properly considered under the incorporation-by-reference doctrine. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Nevertheless, "when the complaint [does] quote[] a portion of a document . . . the full text is incorporated into the

1

amended complaint by reference and is thus properly considered in deciding a Rule 12 motion." *Zhang*, 2025 WL 1482873, at *4,6 (holding that in ruling on a motion to dismiss, the district court did not err in considering "the whole [e-mail] exchange" where a portion of the exchange was "quoted directly in the amended complaint"). Courts are particularly inclined to "consider[] materials outside the complaint when resolving a motion to dismiss when those materials directly contradict the allegations contained in the complaint." *Watson v. Kingdom of Saudi Arabia*, 159 F.4th 1234, 1266 n.4 (11th Cir. 2025).

3.      Here, beehiiv requests the Court consider three documents: (1) beehiiv's current Terms of Use last updated May 15, 2024, https://www.beehiiv.com/tou , attached as **Exhibit A**; (2) beehiiv's Acceptable Use Policy as captured on Oct. 18, 2025 by the Internet Archive, https://web.archive.org/web/20251018103117/https:/www.beehiiv.com/aup, attached as **Exhibit B**; and (3) the entire email exchange between Plaintiff and beehiiv, attached as **Exhibit C** (Plaintiff only selectively attached a subset of the email thread as Exhibit E to the Amended Complaint, found at Notice of Removal, Ex. D, ECF 1-4 ("FAC")).

4.      Each document is central to Plaintiff's claims. As to beehiiv's Terms of Use (**Exhibit A**) and Acceptable Use Policy (**Exhibit B**), Plaintiff's claims arise out of its use of beehiiv's services to send commercial emails and beehiiv's alleged failure to track or provide certain unsubscribe data to Plaintiff. FAC ¶ 46. Plaintiff repeatedly cites to various unspecified "representations," "misrepresentations," "false statements," and "omissions" beehiiv made as the foundation for its FDUTPA claim. FAC ¶¶ 19, 63-67. Plaintiff's negligence claim similarly turns on beehiiv's alleged legal obligations and duties arising out of beehiiv's provision of services to Plaintiff. *Id.* ¶¶ 40, 72-73. Accordingly, the documents that governed Plaintiff's contractual relationship with beehiiv for the services rendered—the Terms of Use and Acceptable Use

Policy as they were when Plaintiff agreed to them—are central to determining beehiiv's legal obligation to provide Plaintiff with any data following the termination of its account[1] and whether beehiiv incurred any extra-contractual duty that could sustain a negligence claim. These documents also constitute representations that were made by beehiiv to Plaintiff at the time and are critical in determining the viability of Plaintiff's claim under FDUTPA that "a reasonable person *under the circumstances*" would have been "likely deceived." *Id.* ¶ 60 (emphasis added).

5.      As to the complete email thread between Plaintiff and beehiiv (**Exhibit C**), Plaintiff attached an exhibit to its FAC containing three emails it sent to beehiiv as part of an email exchange. *See* FAC Ex. E. Plaintiff describes this exhibit as "a true and accurate copy of the messages that Plaintiff emailed to Defendants" and alleges that beehiiv "either wholly ignored Plaintiff's messages and/or failed to provide any responsive message back to Plaintiff." FAC ¶¶ 51-53. This is completely misleading. beehiiv's alleged failure to reply to Plaintiff's requests for unsubscribe data is central to Plaintiff's assertions because Plaintiff claims that left it with "no choice but to file the instant suit." *Id.* ¶ 55. But this is directly contradicted by the complete email exchange, which shows that beehiiv did not fail to respond to Plaintiff. Thus, this Court may consider the entirety of the email exchange under the incorporation-by-reference doctrine. *See Zhang*, 2025 WL 1482873, at *4. The entire exchange shows the emails Plaintiff quoted and attached in the FAC alongside beehiiv's responses, and is attached hereto as **Exhibit C**.

6.      Each document is also undisputed, meaning that its authenticity is not challenged. The Terms of Use and Acceptable Use Policy are publicly posted documents and are applicable

---

[1] Plaintiff's account was terminated for specific violations of the Acceptable Use policy, including but not limited to unauthorized use of platform resources; actions that may impact the performance, security, deliverability, or sender reputation of beehiiv; and activity inconsistent with our community standards or operational policies.

to all beehiiv users. Plaintiff does not and cannot credibly dispute their existence or contents at all times relevant to the current action. The entire email exchange is similarly undisputed; in fact, the matching excerpts of the exchange contained in the FAC support its authenticity.

7. beehiiv also respectfully requests this Court take judicial notice of the documents, in the event this Court does not find them incorporated by reference.

8. "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id.*

9. Pursuant to Fed. R. Evid. 201(b), "[a] court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

10. Courts may take judicial notice of information on the internet. *See Barron v. Snyder's-Lance, Inc.*, No. 13-62496-CIV, 2015 WL 11182066, at *4 (S.D. Fla. Mar. 20, 2015) (taking judicial notice of the contents of "a certain [private] website on a certain date"); *see also United States ex rel. Jacobs v. JP Morgan Chase Bank, N.A.*, 113 F.4th 1294, 1300 (11th Cir. 2024) (taking judicial notice of three webpages at the motion to dismiss stage "for the limited purpose of determining which statements the documents contain").

11. Courts may also rely on the Internet Archive to take judicial notice of the historical contents of webpages. Courts have recognized the Internet Archive as a source whose accuracy cannot be reasonably questioned. *See e.g., Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-CV-61438-RAR, 2021 WL 965500, at *2 (S.D. Fla. Mar. 15, 2021); *Tobinick v.*

*Novella*, No. 9:14-CV-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015); *see also Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (collecting cases).

12.     The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

13.     Because the documents enumerated above are relevant to a determination of the claims presented in this case and are not subject to reasonable dispute, judicial notice should be taken of them.

14.     The documents are relevant to a determination of the claims presented for the same reasons discussed above. *See supra* ¶¶ 4-5.

15.     The documents are not subject to reasonable dispute because (1) beehiiv's Terms of Use were last updated on May 15, 2024, were in effect and available online at all times relevant to the current action, and remain currently available online; (2) beehiiv's Acceptable Use Policy on October 18, 2025 was captured by the Internet Archive; and (3) the entirety of the email exchange between beehiiv and Plaintiff comports with the excerpts provided by Plaintiff in the FAC and, absent evidence from Plaintiff of additional messages to or from beehiiv as part of the exchange, cannot be reasonably disputed by any other party.

Date: March 24, 2026

/s/ Kelsey Harclerode
Kelsey Harclerode (Florida Bar No. 1048280)
Email: kelsey@zwillgen.com
Nury Siekkinen (Florida Bar No. 1015937)
Email: nury@zwillgen.com

**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Sheri Pan (*pro hac vice*)
Email: sheri@zwillgen.com
**ZWILLGEN LAW LLP**
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335

*Attorneys for Defendant*
*beehiiv Inc.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 24, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Kelsey Harclerode
Kelsey Harclerode

Jordan A. Dresnick (SBN 058529)
Law Offices of Jordan A. Dresnick
901 Brickell Key Blvd.
Miami, FL 33131
Tel: 786-220-8785
Email: JordanDresnick@gmail.com

Amado Alan Alvarez (SBN 746398)
THE ALVAREZ & FRIGER TRIAL LAW FIRM
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. 305-258-2739
Fax: 1-844-252-6329
Email: Alan@AlvarezFrigerTLF.com

Kenneth B. Schurr (SBN 876100)
Manno & Schurr PA
2030 S Douglas Road
Suite 105
Coral Gables, FL 33134
Tel: 305-441-9031
Fax: 786-221-2720
Email: kbsservice@schurrlaw.com, counselken@schurrlaw.com

*Attorneys for Plaintiff*
*Madison Row Marketing, Inc.*